# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| AMBESAGR TESFAYOHANNES HAILE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF HOMELAND ) <br> SECURITY, ) <br> ) <br> Respondent. | Case No.: 4:18-cv-00032-LSC-JHE |

## MEMORANDUM OPINION

On January 8, 2018, Petitioner Ambesagr Tesayohannes Haile ("Haile") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the time he filed his petition, Haile, a native of Eritrea, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Haile alleged that he was being illegally detained by ICE pending his deportation to Eritrea. On January 23, 2018, Haile was released from ICE custody pursuant to an Order of Supervision. (Doc. 4, 4-1). Respondent has filed a motion to dismiss the action as moot, since Haile is no longer in ICE custody. (Doc. 4). For the reasons stated below, Respondent' motion will be granted and the action be dismissed as moot.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted). Haile's release from ICE

custody rendered his petition moot.

The relief sought by Haile in his petition is to be released from ICE custody. Because Haile is no longer in ICE custody, his petition has been rendered moot, unless an exception to the mootness doctrine applies. There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Neither exception applies here. The collateral consequences exception does not apply because there are no "disabilities or burdens which may flow" from the custody that Haile challenges. *See Carafas*, 391 U.S. at 237. The exception for events "capable of repetition, yet evading review" does not apply here either. Petitioner has been released from custody, and the potential circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.). Because there is no longer any relief that can be granted to Haile, his petition is due to be dismissed as moot.

Based on the foregoing, the Respondent' motion to dismiss, (doc. 4), is **GRANTED**. A separate order will be entered.

**DONE** AND **ORDERED** ON JANUARY 26, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704